| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | |
|---|---|
| AR15.COM LLC, § § § Plaintiff, § § *versus* § § DENNIS MURRAY, ILANA MURRAY, § § and § § Nexcess.Net L.L.C. § § Defendants. § | Civil Action No. 4:14-cv-01623 |

# Complaint

Plaintiff AR15.Com, LLC ("AR15") files this suit for unfair competition, trademark infringement, and dilution against Dennis Murray and Ilana Murray (collectively, "the Murray defendants"), and NEXCESS.NET L.L.C. ("Nexcess).

1. The court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1338(a), 1338(b), and the doctrine of pendent jurisdiction.

2. Since at least as early as January 1, 2007, AR15 has used a logo, which can be described as an AR-15 bolt face logo (the "bolt face logo") as a trademark for the following items that it has offered for sale to the public: firearms, firearm sights, silencers for firearms, cases for firearms, covers for firearms, pouches, namely, shot pouches and cartridge pouches, belts for military equipment, shell belts, woven belts for military equipment, component parts for pistols, rifles and shotguns, firearm hand guards, gun barrels, gun mounts, gun stocks, magazines for weapons, and ammunition.

3. Since at least as early as October 30, 2006, AR15 has used that same bolt face logo as a trademark for the following items that it has offered for sale to the public: appliques in the form of decals; decals; decorative decals for vehicle windows; flags and pennants of paper; and magnetic bumper stickers.

4. Since at least as early as October 9, 2006, AR15 has used that same bolt face logo as a trademark for the following items that it has offered for sale to the public: athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; baseball caps and hats; belts; body shirts; button down shirts; camouflage pants; camouflage shirts; capri pants; cargo pants; clothing, namely, khakis; hats; hunting pants; hunting shirts; jackets; long-sleeved shirts; pants; shirts; shirts and short-sleeved shirts; short-sleeved or long-sleeved t-shirts; sport shirts; sports caps and hats; and ties.

5. The bolt face logo is shown below. It has acquired widespread fame and public recognition in the United States and abroad as designating AR15's products.



6. On July 8, 2008, AR15.com LLC received federal Registration No. 3,461,149 for the bolt face logo mark, as a trademark for firearms, firearm sights, silencers for firearms, cases for firearms, covers for firearms, pouches, namely, shot pouches and cartridge pouches, belts for military equipment, shell belts, woven belts for military equipment, component parts for pistols, rifles and shotguns, firearm hand guards, gun barrels, gun mounts, gun stocks, magazines for weapons, and ammunition.   That registration is presently in force.

7. On July 10, 2012, AR15 received federal Registration No. 4,170,316 for that same bolt face logo mark as a trademark for appliques in the form of decals; decals; decorative decals for vehicle windows; flags and pennants of paper; and magnetic bumper stickers, and as a trademark for athletic apparel, namely, shirts, pants, jackets, footwear, hats and caps, athletic uniforms; baseball caps and hats; belts; body shirts; button down shirts; camouflage pants; camouflage shirts; capri pants; cargo pants; clothing, namely, khakis; hats; hunting pants; hunting shirts; jackets; long-sleeved shirts; pants; shirts; shirts and short-sleeved shirts; short-sleeved or long-sleeved t-shirts; sport shirts; sports caps and hats; and ties.   That registration is presently in force.

8. These registrations constitute prima facie evidence of AR15's exclusive right, in the United States, to use the bolt face logo mark for the products listed in those registrations.

9. Although the Murray defendants are not in any way affiliated with AR15, they have copied AR15's registered trademark, and are using it on their products that they sell on their web sites http://www.handmadebydroids.com and https://squareup.com/market/handmade-by-droids. Those web sites are also accessible via their website http://www.madebythemurrays.com, which states, "Dennis is a Project Appleseed rifle instructor and an NRA certified Firearms and Self Defense Instructor." Thus, it is highly likely that he was well aware of AR15's famous mark when he and his wife began using it on T-shirts and coffee mugs.

10. Two known uses by the Murray defendants of AR15's registered trademark are shown below, which are screenshots from the Murray defendants' website http://www.handmadebydroids.com, where they are offering for sale the products shown below:



11. The Murray defendants' unauthorized use of AR15's registered trademark, as set forth above, is likely to cause confusion as to their affiliation with AR15, or with AR15's products and services.

12. The Murray defendants' unauthorized uses of AR15's registered trademark constitute the use of a misleading representation, or false advertising, in violation of 15 U.S.C. § 1125(a). Unless enjoined, the Murray defendants will continue their unauthorized use of AR15's registered trademark, resulting in a continuing likelihood of confusion and irreparable injury to AR15, for which AR15 has no adequate remedy at law.

13. The Murray defendants' actions, as alleged above, constitute injury to and dilution of AR15's registered trademark, under 15 U.S.C. § 1125(c). Unless enjoined, the Murray defendants will continue their infringing activities, resulting in irreparable injury to AR15, for which AR15 has no adequate remedy at law.

14. The Murray defendants' actions, as alleged above, constitute injury to and dilution of AR15's registered trademark under § 16.29 of the Texas Business & Commerce

Code.  Unless enjoined, the Murray defendants will continue their infringing activities, resulting in irreparable injury to AR15, for which AR15 has no adequate remedy at law.

15. The Murray defendants' actions, as alleged above, constitute common law trademark infringement and unfair competition under Texas law.  Unless enjoined, the Murray defendants will continue their infringing activities, resulting in irreparable injury to AR15, for which AR15 has no adequate remedy at law.

16. On February 20, 2014, AR15 contacted the Murray defendants, and politely informed them that they were infringing AR15's registered trademark.

17. Because the Murray defendants did not respond, AR15 hired a lawyer, who on March 10, 2014, sent a letter to Dennis Murray, again informing him of the Murray defendants' infringing activities, and again warned him to stop.

18. On April 20, 2014, defendant Dennis Murray responded with an email that stated, in part, "If you still think we are infringing your trademark in some way, I strongly encourage you to consult with your legal counsel. They should be able to explain the nuances of trademark law better than I can. Once you have done that, if you still think you have a case, feel free to pursue some form of injunctive relief."

19. Finally, on June 2, 2014, AR15 sent one last email to Dennis Murray, stating in part, "the only reason we found your site was due to it being reported to us by our customers.  As such, I am making one final request that the infringing products be removed from your site and no further action or compensation is required. If you are willing to do so, please inform me before 4pm EST tomorrow. If not, we

plan to take action to protect our trademark immediately." Mr. Murray never responded.

20. Therefore, the Murray defendants are clearly aware that AR15's registered trademark is used by AR15 to identify its coffee mugs and T-shirts. However, the Murray defendants have knowingly refused to discontinue their use of AR15's registered trademark as part of their logo, to sell their coffee mugs and T-shirts. Therefore, the Murray defendants' continued infringement of AR15's rights is willful and deliberate.

21. AR15 is entitled to recover its damages, the Murray defendants' profits, trebling of all damages and profits awarded, costs of suit, and attorneys' fees from the Murray defendants.

22. On May 19, 2014, Mr. Juan Avila of AR15 sent a written notice to defendant Nexcess, stating in part, "We are contacting you in regards to a hosted customer who is violating our Federally Trademarked Logo. We have reached out to this person and had our attorney send a cease and desist with no actions taken by them to remove the offending material. At this time we are notifying you of the infringements for proper action to be taken." The AR15 communication to defendant Nexcess also stated, "We are requesting the infringing material be removed as soon as possible." AR15 never heard back.

23. On May 23 and May 29, 2014, Mr. Juan Avila of AR15 called defendant Nexcess, each time asking to speak to its legal department about a trademark violation. Each time he was told that someone would call him back right away, but nobody ever called him.

24. On May 29, 2014, AR15 sent a copy of the March 10, 2014, letter (from AR15's lawyer to defendant Dennis Murray), to in-house counsel for Nexcess, Mr. Vik Patel.

25. On May 30, 2014, Mr. Vik Patel passed along to AR15 Mr. Murray's repeated claim of non-infringement, even though Mr. Patel had reviewed the letter from AR15's legal counsel.  Mr. Patel further stated, "Please advise if you have a response to this. If so, please pass it along for further review."

26. On May 30, 2014, Mr. Juan Avila of AR15 responded to Mr. Patel of Nexcess, warning him as follows:  "If you refuse to take down the infringing material, we will be forced to include you in the filing."

27. Neither Mr. Patel, nor anyone else at Nexcess, bothered to respond.

28. Therefore, Nexcess was clearly aware that AR15's registered trademark is used by AR15 to identify its coffee mugs and T-shirts.  However, Nexcess has knowingly refused to discontinue its contribution to the Murray defendants' use of AR15's registered trademark as part of their logo, to sell their coffee mugs and T-shirts. Therefore, Nexcess' continued contributory infringement of AR15's rights is willful and deliberate.

29. AR15 is entitled to recover its damages, the profits of Nexcess related to the Murray defendants' infringements, trebling of all damages and profits awarded, costs of suit, and attorneys' fees from Nexcess.

30. "Plaintiffs asserting contributory trademark infringement claims must prove that defendants provided their services with actual or constructive knowledge that the users of their services were engaging in trademark infringement. *See Inwood*

*Labs.*, 456 U.S. at 854; *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 807 (9th Cir. 2007).   ***An express finding of intent is not required***." *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, 658 F.3d 936, 943 (9th Cir. Cal. 2011) (emphasis added).

## Prayer for Relief

AR15 prays for the following relief:

31. That defendants and their agents and employees, and all others in concert or participation with them, be preliminarily and permanently enjoined from using AR15's registered trademark to sell products;

32. That defendants be ordered, pursuant to 15 U.S.C. § 1118, to deliver up for destruction all literature, signs, labels, prints, packages, wrappers, containers, advertising materials, stationery, and any other items in their possession or control which contain the infringing logo, either alone or in combination with other words or symbols, and that defendants be ordered to deliver up for destruction all plates, molds, matrices, masters, and other means of making any of the infringing items;

33. That defendants be ordered to file with the court and to serve on AR15, within thirty (30) days after the entry of an injunction, a report in writing under oath setting forth in detail the manner and form in which defendants have complied with the injunction;

34. That AR15 be awarded its damages, defendants' profits, trebling of all damages and profits awarded, costs of suit, and attorneys' fees; and

35. That AR15 have such further relief to which it may be entitled.

Respectfully submitted,

*Tim Headley*

Tim Headley
Attorney-in-Charge for AR15.Com LLC
State Bar No. 09325210
Southern District Bar No. 1003
7941 Katy Freeway, Suite 506
Houston, TX   77024-1924
tim@headleyiplaw.com
www.headleyiplaw.com
Telephone:   713-467-8500
Telecopier:   713-467-8501