| | | |
|---|---|---|
| UNITED STATES DISTRICT COURT | | SOUTHERN DISTRICT OF TEXAS |

AR15.COM LLC, §
§
　　　　Plaintiff, §
§
versus § **Civil Action 4:14-cv-1623**
§
DENNIS MURRAY & ILANA MURRAY §
§
§
Defendants. §

# Motion For Contempt

On October 13, 2014, this Court signed an agreed Final Judgment And Permanent Injunction ("the Order"), which was also entered on the same day, October 13, 2014.   Paragraph 6 of the Order states in part:

> "Within ten (10) days after entry of this Final Judgment and Order for Permanent Injunction, Defendants must deliver to Plaintiff's counsel, Tim Headley, by certified mail or messenger, a cashier's check in the amount of $5,000.00, jointly payable to Plaintiff AR15.COM LLC and Plaintiff's counsel, Tim Headley"

On October 13, 2014, the undersigned sent the Order in a warning email to defendant Dennis Murray, warning him that a motion for contempt would be filed if they missed any deadline in the Order.   Neither defendant has contacted the undersigned in any way.   The undersigned has not received any check, nor any payment of any type.

Thus, the defendants have defied the Court's order. The undersigned declares under penalty of perjury that the foregoing facts are true and correct.

**Legal Authority**

This Court's judgment has not been stayed or superseded.  Therefore, this Court retains jurisdiction to enforce its judgment.  *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298, 299 n.2 (5th Cir. 1984); *Farmhand, Inc. v. Anel Eng'g Indus.*, 693 F.2d 1140, 1145-1146 (5th Cir. 1982) (when no stay is granted pending appeal from permanent injunction, the district court may supervise and enforce an injunction).

The Fifth Circuit has recognized that "[c]ourts possess the inherent authority to enforce their own injunctive decrees." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995) (citations omitted).  This "inherent authority" is also authorized by statute.  *See* 18 U.S.C. § 401.  Particularly, 18 U.S.C. § 401 provides that a federal court ". . . shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none others, as --   . . .   disobedience of its lawful writ, process, order, rule, decree, or command." *Id.*

In a contempt proceeding, the court has the power to reimburse ". . . the injured party for the losses and expenses incurred because of his adversary's noncompliance.  This includes losses flowing from noncompliance and expenses reasonably and necessarily incurred in the attempt to enforce compliance."  *Norman Bridge Drug Co. v. Banner*, 529 F.2d 822, 827 (5th Cir. 1976); *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718, 87 S. Ct. 1404, 18 L. Ed. 2d 475 (1967) (contempt can be sanctioned by imposing attorney's fees).  In order to compensate the injured party for losses flowing from his adversary's noncompliance, the court may award the injured party the profits made by the adversary during the term of the adversary's contempt.  *See Textag Co. v. Hayslip*, 192 F. 2d 435, 437-8 (5th Cir. 1951). *See also, Oral-B Laboratories,*

*Inc. v. Mi-Lor Corp.,* 810 F.2d 20, 25 (2nd Cir. 1987) (acknowledging that an accounting of the offender's profits during the term of the contempt may be used to deter future infringements).

A court may exercise its contempt power regardless of whether the offender's actions were willful. *See Hodgson v. Hotard*, 436 F.2d 1110, 1114 (5th Cir. 1991). Underlying this rationale is the idea that the purpose of contempt ". . . is remedial, it matters not with what intent the defendant did the prohibited act. . . . An act does not cease to be a violation of a law and of a decree merely because it may have been done innocently." *Id.* (citations omitted). Likewise, because the damages assessed in a civil contempt case are compensatory, rather than coercive, the mental state of the offender should not be used to determine the amount of compensation. *See Cook v. Ochsner Foundation Hospital*, 559 F.2d 270, 272 (5th Cir. 1977).

Likewise, in a contempt proceeding, the court need not assess the mental state of the offending party in awarding attorneys' fees. *Id.* As the Fifth Circuit stated in *Cook*, "[i]t matters not whether the disobedience is willful, the cost of bringing the violation to the attention of the court is part of the damages suffered by the prevailing party. . . ." *Id.*

### Request for Relief

Plaintiff respectfully requests that this Court order defendants to appear before this Court to show cause, if they have any, why they should not be held in contempt for violating this Court's order. Plaintiff further requests that, after such hearing, the Court hold the defendants in contempt, enter an order that assures defendants' immediate

compliance with the order on penalty of sanctions, and award plaintiff its costs and attorneys' fees for filing this motion.

Respectfully submitted,

*/s/ Tim Headley*

Tim Headley
Attorney-in-Charge for AR15.Com LLC
State Bar No. 09325210
Southern District Bar No. 1003
7941 Katy Freeway, Suite 506
Houston, TX   77024-1924
tim@headleyiplaw.com
www.headleyiplaw.com
Telephone:   713-467-8500
Telecopier:   713-467-8501

## Certificate Of Service

I certify that a copy of the foregoing document was sent by UPS, and e-mailed, to the defendants on October 27, 2014, to the following addresses:

>Dennis & Ilana Murray
>1702 Harvest Creek Way
>Fernley, NV 89408
>Email:   dennis@handmadebydroids.com

*/s/ Tim Headley*

Tim Headley
Attorney-in-Charge for AR15.Com LLC