UNITED STATES DISTRICT COURT　　　　　SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| AR15.COM LLC, | § § § § | |
| Plaintiff, | § | |
| versus | § § | Civil Action 4:14-cv-1623 |
| DENNIS MURRAY & ILANA MURRAY | § § § | |
| Defendants. | § § | |

# Plaintiff's Presentation Of Evidence That Supports The Court's Personal Jurisdiction Over Defendants

On November 21, 2014, this Court signed an order stating that "Plaintiff, within twenty-one (21) days after the entry of this Order, shall file a response to show cause, if any exists, why the Final Judgment on Default and Order of Permanent Injunction should not be vacated and this case dismissed for lack of personal jurisdiction over Defendants" ("the Order").

## Fifth Circuit Authority

A federal court has jurisdiction over a nonresident defendant if the state long-arm statute confers personal jurisdiction over that defendant, and if the exercise of jurisdiction is consistent with due process under the United States Constitution. *Ruston Gas Turbines, Inc. v. Donaldson Co., Inc.*, 9 F.3d 415, 418 (5th Cir. 1993). Because the Texas long-arm statute extends to the limits of federal due process, *Schlobohm v. Schapiro*, 784 S.W.2d 355, 357, 33 Tex. Sup. Ct. J. 222 (Tex. 1990), this Court should

determine whether (1) the defendants have established "minimum contacts" with the forum state; and (2) whether the exercise of personal jurisdiction over the defendants would offend "traditional notions of fair play and substantial justice."  *Ruston Gas*, 9 F.3d at 418 (*citing International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L. Ed. 95, 66 S. Ct. 154 (1945)).

The "minimum contacts" prong is satisfied when a defendant "purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King*, 471 U.S. at 475.   The "minimum contacts" prong of the inquiry may be subdivided into contacts that give rise to "specific" personal jurisdiction and those that give rise to "general" personal jurisdiction.   *Marathon Oil Co. v. A.G. Ruhrgas*, 182 F.3d 291, 295 (5th Cir. 1999).   Specific jurisdiction is only appropriate when the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action.   *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n.8, 80 L. Ed. 2d 404, 104 S. Ct. 1868 (1984).

In evaluating the second prong of the due process test, the court must examine a number of factors in order to determine fairness and reasonableness, including: (1) the defendant's burden; (2) the forum state's interests; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering social policies. *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 112, 94 L. Ed. 2d 92, 107 S. Ct. 1026(1987).

"The plaintiff bears the burden of establishing a district court's jurisdiction over a nonresident, ***but it need only make a prima facie case if the district court rules without an evidentiary hearing***." (emphasis added) *Johnson v. Multidata Sys. Int'l*

*Corp.*, 523 F.3d 602, 609 (5th Cir. 2008).    "[U]ncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts . . . must be resolved in the plaintiff's favor."    *D.J. Invs., Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc.*, 754 F.2d 542, 546 (5th Cir. 1985); *accord Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (noting that "even if the court receives discovery materials, unless there is a full and fair hearing, it should not act as a fact finder and must construe all disputed facts in the plaintiff's favor and consider them along with the undisputed facts").    *See also Bullion v. Gillespie*, 895 F.2d 213, 217 (5th Cir. 1990).

Proof by a preponderance of the evidence is not required.    *International Truck and Engine Corp. v. Quintana*, 259 F. Supp.2d 553, 556 (N.D. Tex. 2003) (citing *WNS, Inc. v. Farrow*, 884 F.2d 200, 203 (5th Cir. 1989)).

Plaintiff's causes of action for trademark infringement, false advertising under 15 U.S.C. § 1125(a), dilution under 15 U.S.C. § 1125(c), dilution under § 16.29 of the Texas Business & Commerce Code, and common law trademark infringement and unfair competition under Texas law, arise out of, and are directly related to, defendants' contacts with Texas *via* their Internet websites and Facebook pages (where they sell their infringing merchandise), rendering consideration of specific jurisdiction appropriate. *See generally Bearry v. Beech Aircraft*, 818 F.2d 370, 374 (5th Cir. 1987) (exercise of specific jurisdiction appropriate where cause of action arises out of nonresident defendant's contacts with forum state).

Even a single contact can support specific jurisdiction. *See American Eyewear, Inc. v. Peeper's Sunglasses & Accessories, Inc.*, 106 F. Supp.2d 895, 901 (N.D. Tex. 2000) (*citing Bearry*, 818 F.2d at 374).

Many federal courts in Texas have found personal jurisdiction over out-of-state defendants who sold infringing products via websites. For example, the court in *Tempur-Pedic Int'l, Inc. v. Go Satellite Inc.*, 758 F. Supp. 2d 366, 372 (N.D. Tex. 2010) (finding personal jurisdiction over the defendant which was selling mattresses over the Internet) concluded, "Go Satellite cannot open itself for business to every state in the United States and then feign surprise when it receives an order from a resident of one of the states", and "The court therefore concludes that plaintiffs have made a prima facie showing of minimum contacts to support a finding of specific *in personam* jurisdiction over Go Satellite."

As another example, the court in *Global 360, Inc. v. Spittin' Image Software, Inc.* concluded, "ImageMAKER has sold the allegedly infringing products in Texas *via* its website, in addition to other contacts, thereby purposefully availing itself of the privilege of conducting business in Texas in such a manner that it 'should reasonably anticipate being haled into court' in Texas. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 62 L. Ed. 2d 490, 100 S. Ct. 559 (1980)." *Global 360, Inc. v. Spittin' Image Software, Inc.*, 2005 U.S. Dist. LEXIS 4092; 2005 WL 625493 (N.D. Tex. 2005). *See also American Eyewear, Inc. v. Peepers Sunglasses*, 106 F. Supp.2d 895, 901 (N.D. Tex. 2000) (in trademark infringement action, exercising specific personal jurisdiction over Minnesota defendant based on interactive website where defendants knowingly used website to enter into contracts with Texas residents for pecuniary gain); *Carrot Bunch*

*Co., Inc. v. Computer Friends, Inc.*, 218 F. Supp.2d 820, 826 (N.D. Tex. 2002) (in trademark infringement action, exercising specific personal jurisdiction over Oregon defendant based on interactive website where defendant sold infringing product to Texas residents over its website); *Stomp, Inc. v. Neato*, 61 F. Supp.2d 1074, 1078 (C.D. Cal. 1999) (cited with approval in *American Eyewear*, 106 F. Supp.2d at 901) (in patent infringement action, exercising specific personal jurisdiction over Connecticut defendant based on interactive website where defendant sold infringing product to California residents over its website).

The total amount of sales is not the critical inquiry. Rather, the critical determination is the "nature and quality of commercial activity that an entity conducts over the Internet." *Zippo*, 952 F. Supp. at 1124; *see also Mink*, 190 F.3d at 336. *See generally American Eyewear*, 106 F. Supp.2d at 901 (purposeful availment found where Internet sales to Texas residents constituted fewer than 1/2 % of defendant's total sales); *Stomp*, 61 F. Supp. 2d at 1078 (purposeful availment found where evidence showed only two (2) sales made over the Internet to consumers in forum state); *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1265 (6th Cir. 1996) (rejecting district court's decision to dismiss case for lack of personal jurisdiction, in part because of district court's misplaced "reliance on the *de minimus* amount of software sales" by nonresident defendant into forum state).

## Plaintiff's Allegations and Evidence

The allegations in plaintiff's complaint paragraphs 9-10, and 16-20, support specific personal jurisdiction:

9. Although the Murray defendants are not in any way affiliated with AR15, they have copied AR15's registered trademark, and are using it on their products that they sell on their web sites http://www.handmadebydroids.com and https://squareup.com/market/handmade-by-droids.  Those web sites are also accessible via their website http://www.madebythemurrays.com, which states, "Dennis is a Project Appleseed rifle instructor and an NRA certified Firearms and Self Defense Instructor."  Thus, it is highly likely that he was well aware of AR15's famous mark when he and his wife began using it on T-shirts and coffee mugs.

10. Two known uses by the Murray defendants of AR15's registered trademark are shown below, which are screenshots from the Murray defendants' website http://www.handmadebydroids.com, where they are offering for sale the products shown below:



16. On February 20, 2014, AR15 contacted the Murray defendants, and politely informed them that they were infringing AR15's registered trademark.

17. Because the Murray defendants did not respond, AR15 hired a lawyer, who on March 10, 2014, sent a letter to Dennis Murray, again informing him of the Murray defendants' infringing activities, and again warned him to stop.

18. On April 20, 2014, defendant Dennis Murray responded with an email that stated, in part, "If you still think we are infringing your trademark in some way, I strongly encourage you to consult with your legal counsel. They should be able to explain the nuances of trademark law better than I can. **Once you have done that, if you still think you have a case, feel free to pursue some form of injunctive relief**." (emphasis added in this pleading only)

19. Finally, on June 2, 2014, AR15 sent one last email to Dennis Murray, stating in part, "the only reason we found your site was due to it being reported to us by our customers.  As such, I am making one final request that the infringing products be removed from your site and no further action or compensation is required. If you are willing to do so, please inform me before 4pm EST tomorrow. If not, we plan to take action to protect our trademark immediately."   Mr. Murray never responded.

20. Therefore, the Murray defendants are clearly aware that AR15's registered trademark is used by AR15 to identify its coffee mugs and T-shirts.  However, the Murray defendants have knowingly refused to

discontinue their use of AR15's registered trademark as part of their logo, to sell their coffee mugs and T-shirts. Therefore, the Murray defendants' continued infringement of AR15's rights is willful and deliberate.

Exhibit A contains screenshots of some of defendants' websites, taken by plaintiff's counsel on November 22, 2014, showing that the defendants operate websites accessible from Texas, where Texans can buy various products.   Exhibit B contains additional screenshots of defendants' websites, taken earlier in 2014.

### Request for Relief

Plaintiff respectfully requests that this Court order defendants to appear before this Court to show cause, if they have any, why they should not be held in contempt for violating this Court's order.   Plaintiff further requests that, after such hearing, the Court hold the defendants in contempt, enter an order that assures defendants' immediate compliance with the order on penalty of sanctions, and award plaintiff its costs and attorneys' fees for filing the original motion for contempt, and for filing this presentation of the law and the facts supporting personal jurisdiction over the defendants.

Respectfully submitted,

*/s/ Tim Headley*

Tim Headley
Attorney-in-Charge for AR15.Com LLC
State Bar No. 09325210
Southern District Bar No. 1003
7941 Katy Freeway, Suite 506
Houston, TX   77024-1924

tim@headleyiplaw.com
www.headleyiplaw.com
Telephone:   713-467-8500
Fax:             713-467-8501

## Certificate Of Service

I certify that a copy of the foregoing document was sent by UPS, and e-mailed, to the defendants on December 2, 2014, to the following addresses:

>Dennis & Ilana Murray
>1702 Harvest Creek Way
>Fernley, NV 89408
>Email:   dennis@handmadebydroids.com

*Tim Headley* (signature)

Tim Headley
Attorney-in-Charge for AR15.Com LLC