IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AR15.COM, LLC, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-14-1623 |
| DENNIS MURRAY, and ILANA MURRAY, | § § § § | |
| Defendants. | § | |

## ORDER VACATING FINAL JUDGMENT OF OCTOBER 13, 2014

On October 13, 2014, the Court entered Final Judgment on Default and Order of Permanent Injunction, which, *inter alia*, enjoined Defendants Dennis Murray and Ilana Murray ("Defendants") from using Plaintiff AR15.COM, LLC's ("Plaintiff") trademarked bolt face logo.[1] After Plaintiff moved the Court to order Defendants to show cause, if any they have, why they should not be held in contempt for failing to comply with the terms of the Final Judgment, the Court reexamined its jurisdiction and ordered Plaintiff to show cause why the Final Judgment should not be vacated and the case dismissed for lack of personal jurisdiction over Defendants.[2] The Court observed that Defendants were served in Nevada, and that Plaintiff's Complaint neither alleged that the Court has personal jurisdiction over Defendants nor alleged facts

---

[1] Document No. 10.

[2] Document No. 13.

establishing a *prima facie* case of personal jurisdiction over Defendants.[3]

Plaintiff responded, directing the Court's attention to the allegations in its Complaint regarding Defendants' website and Plaintiff's discussions with Defendants about their alleged infringement, and producing screenshots from Defendants' website showing allegedly infringing products offered for sale.[4] Plaintiff argues that Defendants are subject to specific jurisdiction in Texas because Plaintiff's causes of action "arise out of, and are directly related to, defendants' contacts with Texas via their Internet websites and Facebook pages (where they sell their infringing merchandise)."[5]

When specific jurisdiction is based on online interactions via an internet website, the Fifth Circuit has adopted the sliding scale test developed in Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). Mink v. AAAA Dev. LLC, 190 F.3d 333, 336 (5th Cir. 1999). At one end of the spectrum are situations where a defendant "clearly does business over the Internet by entering into contracts with residents of other states

---

[3] Id. *See* Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008) ("The plaintiff bears the burden of establishing a district court's jurisdiction over a non-resident, but it need only make a prima facie case if the district court rules without an evidentiary hearing.").

[4] Document No. 14.

[5] Id. at 3.

which 'involve the knowing and repeated transmission of computer files over the Internet.'" Mink, 190 F.3d at 336 (quoting Zippo, 952 F. Supp. at 1124). At the opposite end are "passive web site[s] that do[] nothing more than advertise on the Internet," which do not give rise to personal jurisdiction. Id. In the middle of the spectrum are websites with some level of interactivity allowing users and hosts to exchange information through the Internet. Id. "In this middle ground, 'the exercise of jurisdiction is determined by the level of interactivity and commercial nature of the exchange of information that occurs on the Website.'" Id. (quoting Zippo, 952 F. Supp. at 1124).

Plaintiff alleges that Defendants sell infringing products on their websites, which it argues are "accessible from Texas" and "where Texans can buy various products," but Plaintiff did not allege nor present evidence that Defendants at any time entered into any contract with any Texas resident.[6] Accordingly, Defendants' websites fall into the middle category of the Zippo sliding scale.

Taking Plaintiff's allegations as true, Defendants' websites function as virtual stores, presumably allowing Texas residents to pay for and purchase products online. Plaintiff cites multiple cases where federal courts have found personal jurisdiction over out-of-state defendants who did sell infringing products through

---

[6] See Document No. 14 at 8.

similarly interactive websites, even where such sales were *de minimus*. *See, e.g.*, Tempur-Pedic Int'l, Inc. v. Go Satellite Inc., 758 F. Supp. 2d 366, 379 (N.D. Tex. 2010); Global 360, Inc. v. Spittin' Image Software, Inc., No. CIV.A3:04-CV-1857-L, 2005 WL 625493 (N.D. Tex. Mar. 17, 2005); Am. Eyewear, Inc. v. Peeper's Sunglasses & Accessories, Inc., 106 F. Supp. 2d 895 (N.D. Tex. 2000); Stomp, Inc. v. NeatO, LLC, 61 F. Supp. 2d 1074 (C.D. Cal. 1999).

However, in each of the cases cited by Plaintiff, the defendant had engaged in actual sales to residents of the forum state. Although the critical determination is the nature and quality of the activity rather than the total amount of sales, Global 360, 2005 WL 625493, at *6, Plaintiff cites no authority for the proposition that personal jurisdiction is proper where Defendants are not alleged in fact to have made a single sale to a Texas resident.

Instead, courts have consistently held that "[p]ersonal jurisdiction should not be premised on the mere possibility that a Defendant may be able to do business with Texans over its web site, with nothing more; rather, Plaintiff must show that Defendant has 'purposefully availed itself' of the benefits of the forum state and its laws." Origin Instruments Corp. v. Adaptive Computer Sys., Inc., No. CIV.A. 397CV2595-L, 1999 WL 76794, at *4 (N.D. Tex. Feb. 3, 1999); *see also* People Solutions, Inc. v. People Solutions,

4

Inc., No. CIV. A.399-CV-2339-L, 2000 WL 1030619, at *4 (N.D. Tex. July 25, 2000) (same); First Fitness Int'l, Inc. v. Thomas, 533 F. Supp. 2d 651, 657 n.4 (N.D. Tex. 2008) (personal jurisdiction likely would not be established by "highly interactive" websites where plaintiff "fails to present any evidence of sales from Defendants' websites to Texas residents other than one 'manufactured' purchase by [plaintiff's] employee"); Swarovski Optik N. Am. Ltd. v. Euro Optics, Inc., No. C.A. 03-090ML, 2003 WL 22014581, at *7 (D.R.I. Aug. 25, 2003) ("The *only* contact that Euro Optics has with Rhode Island is a web site that is available not only to Rhode Island residents, but to residents in every state in the Union. The fact that Rhode Island residents 'can' order products from the site, without more, is insufficient to establish purposeful availment.") (emphasis in original). Accordingly, because Plaintiff has not alleged that Defendants have in fact sold products to--or otherwise interacted with--any Texas resident via their websites, Plaintiff has not established a *prima facie* case of personal jurisdiction over Defendants based on their websites' general accessibility in Texas.

As the Court explained in its Order to Show Cause, because a judgment entered without personal jurisdiction is void, "a district court has the duty to assure that it has the power to enter a valid default judgment," and *sua sponte* consideration of personal jurisdiction is proper. Sys. Pipe & Supply, Inc. v. M/V VIKTOR

KURNATOVSKIY, 242 F.3d 322, 324 (5th Cir. 2001) (quoting Williams v. Life Sav. & Loan, 802 F.2d 1200, 1203 (10th Cir. 1986) ("[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties.")).

Rule 60 provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void; [or] (6) any other reason that justifies relief." FED. R. CIV. P. 60(b). *See also* FED. R. CIV. P. 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."). "While Rule 60(b) contemplates by its language that relief granted thereunder will be '[o]n motion,' the rule of the Fifth Circuit, consistent with the rules of other circuits, is that Rule 60(b) relief can be granted *sua sponte* by the court after notice to the parties and, presumably, an opportunity to be heard." Torres ex rel. Torres v. Trinity Indus., Inc., 229 F. Supp. 2d 598, 614 (N.D. Tex. 2002) (citing McDowell v. Celebrezze, 310 F.2d 43, 44 (5th Cir. 1962); Fort Knox Music Inc. v. Baptiste, 257 F.3d 108, 110-11 (2d Cir. 2001); Kingvision Pay-Per-View Ltd. v. Lake Alice Bar, 168 F.3d 347, 351-52 (9th Cir. 1999)).

Plaintiff has been allowed "a reasonable opportunity to present any available evidence supporting the court's jurisdiction," <u>VIKTOR KURNATOVSKIY</u>, 242 F.3d at 325, which he has not done, and Plaintiff therefore has failed to establish a *prima facie* case of personal jurisdiction over Defendants. Because the Court finds that its Final Judgment on Default and Order of Permanent Injunction was improvidently entered on October 13, 2014, and is void, it is

ORDERED that the Final Judgment on Default and Order of Permanent Injunction (Document No. 10) is VACATED, and Plaintiff AR15.COM's claims are DISMISSED without prejudice for lack of personal jurisdiction.

The Clerk will enter this Order, providing a correct copy to all parties of record.

SIGNED at Houston, Texas, on this 16TH day of December, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE